**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JULIAN RICARDO CASTILLO, | |
| Petitioner, | Civil Action No. 12-2388 (SRC) |
| v. | **OPINION** |
| OSCAR AVILES, et al., | |
| Respondents. | |

**APPEARANCES:**

Petitioner pro se
Julian Ricardo Castillo
A# 41-590-059
Hudson County Correctional Center
30-35 Hackensack Ave.
Kearny, NJ 07032-4690

Attorney for Respondents
Charles Scott Gradow
Office of the U.S. Attorney
District of New Jersey
970 Broad Street
Suite 700
Newark, NJ 07102

**CHESLER,** District Judge

Petitioner, Julian Ricardo Castillo, an alien detained in connection with removal proceedings and currently confined at Hudson County Correctional Center, has submitted a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] challenging his detention without a bond hearing, purportedly pursuant to 8 U.S.C. § 1226(c), and paid the $5 filing fee. All Respondents other than Warden Oscar Aviles will be dismissed.[2] For the reasons expressed in this Opinion, this Court will deny the petition as against Warden Oscar Aviles.

## I. BACKGROUND

Petitioner is a native citizen of the Dominican Republic and was admitted to the United States as Lawful Permanent Resident in November of 1987. He was convicted of attempted assault in New York state court in July of 2009 and was sentenced to one year in prison as a result of that sentence. He was arrested on unrelated charges in May of 2011. He was released when those charges were dropped, and was then taken into the custody of U.S. Customs and Immigration Enforcement ("ICE") on November 18, 2011.

Petitioner's removal proceedings began on November 21, 2011, when he was charged by ICE with being removable under the Immigration and Nationality Act § 237(a)(2)(A)(iii) because his 2009 criminal conviction was an aggravated felony, rendering him removable. During his incarceration, Petitioner has had numerous hearings and adjournments to permit him time to

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] Petitioner names as Respondents, in addition to the warden, various federal immigration officials. Such remote federal officials are not proper respondents; instead, the proper respondent is the warden of the facility where Petitioner is detained. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 434-436 (2004); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).

secure an attorney. Finally on February 29, 2012, Petitioner appeared before the immigration judge with his counsel, who requested another adjournment so that the attorney could prepare the case. Later, at a hearing on March 22, 2012, Petitioner's attorney requested another adjournment of time in which Petitioner wished to appeal his 2009 conviction.

The instant Petition was docketed in this Court on April 23, 2012. In his Petition, Petitioner challenges his on-going detention, pursuant to 8 U.S.C. § 1226(c), while his removal proceedings are pending, contending that his continued detention is unlawful since he was not taken into ICE custody immediately upon release from the criminal custody.

At a May 21 hearing, an additional charge of removability related to conviction of an aggravated felony was added. At a June 14, 2012, Petitioner was ordered by the immigration judge to be removed from the United States. Petitioner's attorney then filed another request to prolong the removal proceedings so that Petitioner could further pursue post-conviction relief on the state court criminal matter, but that request was denied by the immigration judge.

## II. RELEVANT STATUTES

Title 8 U.S.C. § 1226(a) provides the Attorney General with the authority to arrest, detain, and release an alien during the pre-removal-order period when the decision as to whether the alien will be removed from the United States is pending. The statute provides,

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
>
> > (1) may continue to detain the arrested alien; and
> >
> > (2) may release the alien on—

3

> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.
>
> (b) Revocation of bond or parole
>
> The Attorney General at any time may revoke a bond or parole authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien.

(Emphasis added.)

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1)(B), which provides in relevant part that:

> The Attorney General <u>shall</u> take into custody any alien who -
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, ...
>
> <u>when the alien is released</u>, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

(Emphasis added). Section 1226(c)(2) permits release of criminal aliens only under very limited circumstances not relevant here.

In short, detention under § 1226(a) is discretionary and permits release on bond, while detention under § 1226(c) is mandatory.[3]

### III. ANALYSIS

A.   Jurisdiction

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition. Petitioner also asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c), and that it violates his due process rights. See Zadvydas v. Davis, 533 U.S. 678, 699, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); Bonhometre v. Gonzales, 414 F.3d 442, 445–46 (3d Cir. 2005).

B.   Petitioner's Detention

Here, the parties dispute the meaning of the phrase "when the alien is released." Petitioner argues that since he was not taken immediately upon release from criminal confinement that the current ongoing detention is improper. Petitioner argues that he is not

---

[3] There is no dispute that Petitioner's criminal convictions are of the type enumerated in § 1226(c).

subject to mandatory pre-removal period detention under 8 U.S.C. § 1226 (c) because ICE failed to apprehend him immediately following the time of his release from criminal incarceration for the crime underlying the charges for removal. Respondents argue that this Court should defer under Chevron USA, Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984), to the BIA's determination of § 1226(c) in Matter of Rojas, 23 I. & N. Dec. 177 (BIA 2001). Respondents assert that the "when the alien is released" language means that detention is authorized at any time after release from criminal custody.

Petitioner contends that ICE is permitted to subject a pre-removal-order detainee, such as himself, to mandatory detention under § 1226(c) only if it takes that detainee into custody immediately upon his release from a criminal sentence. Accordingly, as he was not detained by immigration authorities at the time of his release from criminal confinement, Petitioner contends that he may be detained only under the discretionary detention provision of § 1226(a) and that he is entitled to a bond hearing.

Respondents argue, in reliance on Matter of Rojas, 23 I. & N. Dec. 117 (BIA 2001), that § 1226(c) is not so temporally limited. In Rojas, the BIA held that the "when the alien is released" clause of § 1226(c) mandates that aliens who have been convicted of certain enumerated offenses be detained, without the possibility of release on bond, "regardless of when they were released from criminal confinement and regardless of whether they had been living within the community for years after their release." 23 I. & N. Dec. at 122.

Matter of Rojas involved the alien's appeal to the BIA of the Immigration Judge's rejection of the argument that Rojas was not subject to mandatory detention under § 1226(c) because ICE failed to apprehend him at the time of his release from incarceration on parole for an

offense covered by 1226(c), and instead waited two days before taking him into custody. See Matter of Rojas, 23 I. & N. Dec. 177 (BIA 2001). There, the BIA determined that "[Congress] was concerned with detaining and removing *all* criminal aliens." Id. at 122. The BIA ultimately held that Rojas was subject to mandatory detention pursuant to § 1226(c) even though he was not taken into custody immediately following his release from state custody. Id. at 127.

Respondents argue that this Court should defer to the BIA construction of § 1226(c) under the principles the Supreme Court set forth in Chevron U.S.A., Inc. v. Nat'l Res. Def. Council, Inc., 467 U.S. 837 (1984). In Chevron, the Supreme Court established a two-step framework for reviewing an administrative agency's interpretation of a statute. 467 U.S. at 842-43. Under step one, the Court must consider "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter." Id. If, however, "the statute is silent or ambiguous with respect to the specific issue," then the Court must proceed to step two and determine whether the agency's determination is "based on a permissible construction of the statute." Id.

In support of their position that this Court should defer to the BIA Rojas decision, Respondents rely on a recent decision of the Court of Appeals for the Fourth Circuit, Hosh v. Lucero, 680 F.3d 375 (4th Cir. 2012). In Hosh, the Fourth Circuit agreed that the statutory language was ambiguous, that the BIA's interpretation of § 1226(c) was reasonable, and that it must be accorded deference. Thus, the Fourth Circuit held that an alien is subject to mandatory detention under § 1226(c) even if there is a gap between the time of release from criminal incarceration and the time of detention by immigration authorities.

In Diaz v. Muller, this Court deferred to Rojas, holding that pre-removal detention there was lawful under § 1226(c), stating that an interpretation of the statute in line with petitioner's arguments there that Rojas was wrongly decided would challenge the intent of Congress when it enacted 8 U.S.C. § 1226(c). Diaz v. Muller, 2011 WL 3422856 (D.N.J. Aug. 4, 2011) ("[T]his Court does not concur that the statutory language [of § 1226(c)] is unambiguous and amenable to only one interpretation. Nor does this Court perceive that the statutory language necessarily imposes a temporal requirement such that detention must occur immediately upon the alien's release.").

As in Diaz, this Court rejects the contention of Petitioner here that he is not within the scope of § 1226(c) simply because he was not detained pursuant to his removal proceedings immediately upon release from the underlying criminal custody. Accordingly, the Petition will be denied.

## IV. CONCLUSION

For the reasons set forth above, the Petition for writ of habeas corpus under 28 U.S.C. § 2241 will be denied. An appropriate order follows.

_____
Stanley R. Chesler, U.S.D.J.

Dated: 11/15/12